# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

VERNON D. WILSON, JR.,    )
    )
Petitioner,    )
    )  CAUSE NO.  3:11-CV-411
vs.    )
    )
SUPERINTENDENT,    )
    )
Respondent.    )

## OPINION AND ORDER

This matter is before the Court on the Amended Pro Se Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody filed by pro se Petitioner, Vernon D. Wilson, on December 20, 2011 (DE #8). Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, the Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the petition (DE #8) is **DISMISSED** for lack of jurisdiction.

BACKGROUND

According to the petition and attachments, Wilson pled guilty to multiple drug offenses in LaPorte County and was sentenced to ten years in prison. (DE #8-1 at 14-15.) The first five years were to be served in the Indiana Department of Correction ("IDOC"), and

the remainder of the term was to be served at the Community Corrections Work Release Program. (*Id.* at 14.) In 2009, while he was on work release, Wilson was charged with committing numerous infractions, including possession of contraband and providing a false statement to staff. (*Id.*) A hearing was held before a Conduct Adjustment Board ("CAB") on January 6, 2009, and Wilson was found guilty. (*Id.* at 14-15.) Thereafter, the Community Corrections Program petitioned the court for Wilson to be removed from the program. (*Id.* at 14-16.) After a court hearing, Wilson's placement on work release was revoked and he was returned to IDOC custody. (DE# 11-2 at 1-3.)

In July 2009, Wilson filed a habeas corpus petition in federal court challenging the CAB hearing on due process grounds. *Wilson v. Sheriff,* No. 3:09-CV-322-PPS (N.D. Ind. Jul. 20, 2009). The petition was dismissed, as the court concluded that Wilson did not have a protected liberty interest in remaining on work release. *Id.*, DE# 6. Wilson appealed, but his appeal was dismissed as untimely. *Id.*, DE# 9, 17. In October 2010, Wilson filed a motion to recall the mandate in the U.S. Court of Appeals for the Seventh Circuit, but this motion was denied. (DE #8-1 at 1.)

In October 2011, Wilson filed another federal habeas petition in this Court. (DE #1.) His original filing was stricken, as it was unclear whether he was attempting to challenge the CAB hearing or the subsequent court proceeding in which his work release was

revoked. (DE #3.) Wilson filed an amended petition, and although this document is not a model of clarity either, each of the four claims he raises pertain to alleged due process violations that occurred in the CAB hearing. (DE #8 at 3-4.)

DISCUSSION

The Court lacks jurisdiction to hear an unauthorized successive habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). This rule applies equally to habeas petitions challenging prison disciplinary proceedings. *Harris v. Cotton*, 296 F.3d 578 (7th Cir. 2002). Regardless of whether the claims Wilson is attempting to present are new or the same as those presented earlier, the petition must be dismissed. Any claims previously presented must be dismissed under 28 U.S.C. § 2244(b)(1). Before Wilson can proceed with any new claims, he must obtain an order from the Seventh Circuit authorizing him to proceed. 28 U.S.C. § 2244(b)(3). There is no indication from Wilson's filing that he has obtained such an order. Therefore, this action must be dismissed. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original).

<u>CONCLUSION</u>

For the reasons set forth above, the petition (DE #8) is **DISMISSED** for lack of jurisdiction.

DATED: January 23, 2012          /s/ RUDY LOZANO, Judge
                                 United States District Court